IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH

| | |
|---|---|
| **MICHAEL JOHN PFUNDSTEIN,**<br><br>Plaintiff,<br><br>v.<br><br>**HOME DEPOT U.S.A., INC.; JAMI JOHNSON, in her individual capacity; COTTONWOOD HEIGHTS; COTTONWOOD HEIGHTS POLICE DEPARTMENT; ERNEST ROBERT RUSSO, JR., in his official capacity; J. GRIFFITH, in his individual capacity; and KENYON KAWA, in his individual capacity,**<br><br>Defendants. | **ORDER**<br><br><br>Case No. 2:21-cv-00340-BSJ-JCB<br><br><br><br>**District Judge Bruce S. Jenkins**<br><br>**Magistrate Judge Jared C. Bennett** |

This case was referred to Magistrate Judge Jared C. Bennett under 28 U.S.C. § 636(b)(1)(B). Before the court is pro se Plaintiff Michael John Pfundstein's ("Mr. Pfundstein") motion for appointment of counsel.[1] Based upon the analysis set forth below, the court denies Mr. Pfundstein's motion.

"There is no constitutional right to appointed counsel in a civil case."[2] However, "[t]he court may request an attorney to represent any person unable to afford counsel."[3] "The

---

[1] ECF No. 9.

[2] *Durre v. Dempsey*, 869 F.2d 543, 547 (10th Cir. 1989) (per curiam).

[3] 28 U.S.C. § 1915(e)(1).

appointment of counsel in a civil case is left to the sound discretion of the district court."[4] When exercising its discretion whether to appoint counsel,[5] the court considers certain factors, "including the merits of the litigant's claims, the nature of the factual issues raised in the claims, the litigant's ability to present his claims, and the complexity of the legal issues raised by the claims."[6] Ultimately, "[t]he burden is upon the applicant to convince the court that there is sufficient merit to his claim[s] to warrant the appointment of counsel."[7]

      Mr. Pfundstein fails to meet his burden because, among other things, his two-sentence motion presents no argument concerning the merits of his case. For that reason alone, his request for appointed counsel fails.[8] Additionally, the remaining factors do not justify appointing counsel. Indeed, the nature of the factual issues raised by Mr. Pfundstein's claims are not

---

[4] *Shabazz v. Askins*, 14 F.3d 533, 535 (10th Cir. 1994).

[5] Although this and other courts discuss the "appointment of counsel" in the context of a civil case, that phrase is technically inaccurate because the court lacks the authority to "appoint counsel" in a civil case as it does in a criminal case. In a civil action, such as the one at issue here, all the court can do is request counsel to take the case, and counsel can decline. *Mallard v. U.S. Dist. Court for the S. Dist. of Iowa*, 490 U.S. 296, 307-08 (1989) (recognizing that courts cannot compel an unwilling attorney to represent a party in a civil case).

[6] *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995) (quotations and citations omitted).

[7] *McCarthy v. Weinberg*, 753 F.2d 836, 838 (10th Cir. 1985) (per curiam).

[8] Mr. Pfundstein's failure to address this factor is particularly important because this court reviewed the merits of his claims under 28 U.S.C. § 1915 in a February 10, 2022 Memorandum Decision and Order. ECF No. 8. In that Memorandum Decision and Order, the court:
(1) concluded Mr. Pfundstein's complaint failed to state any viable claims under federal law; (2) declined to reach the merits of Mr. Pfundstein's state-law claims because, without any viable federal claims, the court should decline to exercise supplemental jurisdiction over his state-law claims; (3) provided Mr. Pfundstein with an opportunity to amend his complaint; and (4) ordered Mr. Pfundstein to file any amended complaint on or before March 11, 2022. *Id*. As of the date of this Order, Mr. Pfundstein has not filed an amended complaint.

complicated or difficult to explain. Further, there is no indication that Mr. Pfundstein is unable to pursue this case adequately. Finally, the legal issues raised by Mr. Pfundstein's claims are not of such a complex nature that would justify appointing counsel. For those reasons, the court DENIES Mr. Pfundstein's motion for appointment of counsel.[9]

IT IS SO ORDERED.

DATED this 10th day of March 2022.

BY THE COURT:

JARED C. BENNETT
United States Magistrate Judge

---

[9] ECF No. 9.