# IN THE UNITED STATES DISTRICT COURT

# DISTRICT OF UTAH

| | |
|---|---|
| **MICHAEL JOHN PFUNDSTEIN,**<br><br>Plaintiff,<br><br>v.<br><br>**CITY OF COTTONWOOD HEIGHTS, J. GRIFFITH, D. BARTLETT, and MIKELLE C. DAUGHERTY,**<br><br>Defendants. | **REPORT AND RECOMMENDATION**<br><br><br>Case No. 2:21-cv-00340-BSJ-JCB<br><br><br>**District Judge Bruce S. Jenkins**<br><br>**Magistrate Judge Jared C. Bennett** |

This case was referred to Magistrate Judge Jared C. Bennett under 28 U.S.C. § 636(b)(1)(B).[1] Before the court is pro se Plaintiff Michael John Pfundstein's ("Mr. Pfundstein") amended complaint.[2] Mr. Pfundstein is proceeding in forma pauperis under 28 U.S.C. § 1915 ("IFP Statute").[3] Accordingly, the court reviews the sufficiency of Mr. Pfundstein's amended complaint under the authority of the IFP Statute. Based upon the analysis set forth below, the court recommends that this action be dismissed with prejudice.

## BACKGROUND

Mr. Pfundstein's original complaint in this action named numerous defendants and alleged causes of action under 42 U.S.C. § 1983 for violations of the First, Fourth, Fifth, and

---

[1] ECF No. 5.

[2] ECF No. 15.

[3] ECF No. 6.

Fourteenth Amendments.[4] It also asserted state-law causes of action for malicious prosecution, violations of the Utah Constitution, and conversion.

In a February 10, 2022 Memorandum Decision and Order, the court reviewed the sufficiency of Mr. Pfundstein's original complaint under the authority of the IFP Statute.[5] After analyzing each of Mr. Pfundstein's claims, the court concluded that he failed to state any federal claims, and, consequently, the court declined to address the merits of his state-law claims. However, the court provided Mr. Pfundstein with an opportunity to amend his complaint. Mr. Pfundstein was ordered to file an amended complaint on or before March 11, 2022. After moving for and being granted an extension of time,[6] Mr. Pfundstein filed his amended complaint on March 31, 2022.[7] On April 4, 2022, Mr. Pfundstein filed a corrected version of his amended complaint,[8] which is the version the court considers here.

In his amended complaint, Mr. Pfundstein names as defendants: (1) the City of Cottonwood Heights;[9] (2) J. Griffith, a police officer employed by the Cottonwood Heights Police Department ("Officer Griffith"); (3) D. Bartlett, another police officer employed by the Cottonwood Heights Police Department ("Officer Bartlett"); and (4) Mikelle C. Daugherty, a

---

[4] ECF No. 7.

[5] ECF No. 8.

[6] ECF Nos. 11-12.

[7] ECF No. 13.

[8] ECF No. 15.

[9] Although Mr. Pfundstein names the City of Cottonwood Heights as a defendant, his amended complaint is devoid of any allegations related to the City of Cottonwood Heights.

Deputy Salt Lake County District Attorney ("Ms. Daugherty"). Mr. Pfundstein generally alleges that Officer Griffith and Officer Bartlett used their authority as police officers to illegally arrest him and illegally deprive him of personal property. Mr. Pfundstein further alleges that Ms. Daugherty prosecuted him for crimes that he did not commit.

Mr. Pfundstein's amended complaint contains very few facts. In the portion of his amended complaint dedicated to the nature of the case, Mr. Pfundstein includes only the following allegations:

> I feel that the defendants violated my civil rights and I would like my grievance to be addressed by a jury of my peers. The police arrested me without a warrant or probable cause. They took my money and property. After I used the remedy available to me by filing a claim with the city, Officer Griffith reopened the case in an attempt to prosecute me for crimes I did [n]ot commit. [Ms.] Daugherty, the assistant [Salt Lake County District Attorney] that screened the case filed charges with an information that she should have known was deficient.[10]

The remainder of Mr. Pfundstein's complaint is devoted to causes of action under section 1983 for Fourth Amendment violations and malicious prosecution.

Mr. Pfundstein asserts claims for violations of the Fourth Amendment for false arrest and illegal seizure of his personal property. In support of his claim for false arrest, Mr. Pfundstein alleges only the following: "Officer . . . Griffith arrested me on charges of crimes that I did not commit without a warrant or probable cause. A violation of my constitutional right to be free from unreasonable search and seizure."[11] To support his claim for illegal seizure of his personal

---

[10] ECF No. 15 at 3.

[11] *Id*. at 4.

property, Mr. Pfundstein makes only the following allegations: "A police officer, [Officer] Griffith from the [C]ottonwood [H]eights [P]olice [D]ept. [a]rrested me and took money and property from my pocket without a warrant or probable cause. [Officer] Bartlett (with complete disregard for my rights) told me they would not return it."[12]

As for allegations supporting his claim for malicious prosecution, Mr. Pfundstein's only allegations are:

> On 2/11/19 an entry was made into the police record that the [Salt Lake County District Attorney] had not filed charges and the case was closed. On 8/23/19 I filed a claim with [Cottonwood Heights] to recover the money [a]nd property taken from me. I also turned in a [GRAMA] request for records [f]rom the police department. 6 days after I received the information, [O]fficer Griffith once again restarted his efforts to have me prosecuted even after [t]he [Salt Lake County District Attorney]'s office had declined. Thus violating my [Fourth] Amendment rights. On 11/14/19 [Ms.] Daugherty signed an information that lacked any evidence of the required elements of the crimes charged. She should have known the information was deficient. But chose to prosecute anyway.[13]

## **LEGAL STANDARDS**

Whenever the court authorizes a party to proceed without payment of fees under the IFP Statute, the court is required to "dismiss the case at any time if the court determines that . . . the action . . . fails to state a claim on which relief may be granted."[14] In determining whether a complaint fails to state a claim for relief under the IFP Statute, the court employs the same standard used for analyzing motions to dismiss for failure to state a claim under Fed. R. Civ. P.

---

[12] *Id.* at 5.

[13] *Id.* at 4.

[14] 28 U.S.C. § 1915(e)(2)(B)(ii).

4

12(b)(6).[15] Under that standard, the court "look[s] for plausibility in th[e] complaint."[16] More specifically, the court "look[s] to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief. Rather than adjudging whether a claim is 'improbable,' '[f]actual allegations [in a complaint] must be enough to raise a right to relief above the speculative level.'"[17]

Additionally, Fed. R. Civ. P. 8 is incorporated into the court's Rule 12(b)(6) analysis.[18] Rule 8(a)(2) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'"[19] "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."[20] Rule 8 requires, at least, that the allegations of a complaint put the defendant fairly on notice of the basis for the claims against it.[21] Indeed, the twin purposes of a complaint are to give

---

[15] *Kay v. Bemis*, 500 F.3d 1214, 1217-18 (10th Cir. 2007).

[16] *Id*. at 1218 (quotations and citation omitted) (second alteration in original).

[17] *Id*. (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007)) (second and third alterations in original) (other quotations and citation omitted).

[18] *U.S. ex rel. Lemmon v. Envirocare of Utah, Inc.*, 614 F.3d 1163, 1171 (10th Cir. 2010).

[19] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555, 557) (alteration in original).

[20] *Id*.

[21] *Twombly*, 550 U.S. at 555.

the opposing party that notice so that it may respond and to allow the court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief.[22]

In analyzing Mr. Pfundstein's complaint, the court is mindful that he is proceeding pro se and that "[a] pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers."[23] However, it is not "the proper function of the district court to assume the role of advocate for the pro se litigant,"[24] and the court "will not supply additional facts, nor will [it] construct a legal theory for [a pro se] plaintiff that assumes facts that have not been pleaded."[25] Indeed, as the United States Court of Appeals for the Tenth Circuit stated:

> The broad reading of [a pro se] plaintiff's complaint does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based. . . . [C]onclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based. This is so because a pro se plaintiff requires no special legal training to recount the facts surrounding his alleged injury, and he must provide such facts if the court is to determine whether he makes out a claim on which relief can be granted. Moreover, in analyzing the sufficiency of the plaintiff's complaint, the court need accept as true only the plaintiff's well-pleaded factual contentions, not his conclusory allegations.[26]

---

[22] *Monument Builders of Greater Kan. City, Inc. v. Am. Cemetery Ass'n of Kan.* 891 F.2d 1473, 1480 (10th Cir. 1989).

[23] *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991); *see also Ledbetter v. City of Topeka, Kan.*, 318 F.3d 1183, 1187 (10th Cir. 2003).

[24] *Bellmon*, 935 F.2d at 1110.

[25] *Dunn v. White*, 880 F.2d 1188, 1197 (10th Cir. 1989) (per curiam).

[26] *Bellmon*, 935 F.2d at 1110 (citations omitted).

After reviewing a pro se plaintiff's complaint under the IFP Statute, the court may dismiss the complaint for failure to state a claim "only where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend."[27] When considering an amended complaint, as the court does here, the amended complaint "must stand on its own and may not incorporate by reference any facts or claims from earlier pleadings."[28]

## ANALYSIS

As demonstrated below, Mr. Pfundstein fails to state claims under section 1983 for: (I) violations of the Fourth Amendment, or (II) malicious prosecution. Additionally, as shown below: (III) allowing Mr. Pfundstein to amend his complaint a second time would be futile. Therefore, the court recommends that this action be dismissed with prejudice.

### I. Mr. Pfundstein Fails to State a Claim for Violations of the Fourth Amendment.

Mr. Pfundstein asserts causes of action under section 1983 for violations of the Fourth Amendment for false arrest and illegal seizure of his personal property. Both of those claims fail to satisfy the minimum pleading standards of Rule 8(a)(2) and Rule 12(b)(6) because Mr. Pfundstein's allegations supporting those claims are wholly conclusory in nature and, therefore,

---

[27] *Kay*, 500 F.3d at 1217 (quotations and citation omitted).

[28] *Gardner v. Long*, No. 2:18-CV-00509, 2020 WL 10057890, at *2 (D. Utah Oct. 19, 2020) (citing *TV Commc'ns Network, Inc. v. Turner Network Television, Inc.*, 964 F.2d 1022, 1025 (10th Cir. 1992)), *report and recommendation adopted*, No. 2:18-CV-00509, 2020 WL 7252950 (D. Utah Nov. 23, 2020), *appeal dismissed*, No. 20-4128, 2021 WL 2327814 (10th Cir. Feb. 2, 2021); *see also TV Commc'ns Network, Inc.*, 964 F.2d at 1025 ("The amended complaint must stand or fall on its own.").

insufficient to state viable claims for either false arrest[29] or illegal seizure of personal property.[30] Therefore, Mr. Pfundstein's claims under section 1983 for violations of the Fourth Amendment should be dismissed with prejudice.

---

[29] *Scott v. Regalado*, No. 17-CV-66-TCK-JFJ, 2019 WL 1387700, at *3 (N.D. Okla. Mar. 27, 2019) (addressing the plaintiffs claim for false arrest based upon the sole allegation that "'Defendants Victory and Facey then entered the home of Plaintiff Scott, without consent, without probable cause, and without a warrant, and falsely arrested both Plaintiff Scott and Plaintiff Hawthorne'" and concluding that "this is a conclusory statement that is devoid of any factual detail, that requires speculation as to the underlying facts, and does not comply with the *Twombly* standard," and, therefore, that the plaintiffs "failed to state a plausible claim for false arrest"); *Carpenter v. Okla. Cnty., Okla.*, No. CIV-09-164-D, 2009 WL 2778445, at *4 (W.D. Okla. Aug. 28, 2009) (concluding, in the context of a false arrest claim, that the plaintiff's "allegations contending the officers lacked sufficient probable cause are conclusory and insufficient to state a plausible claim for relief."); cf. *Erikson v. Pawnee Cnty. Bd. of Cnty. Comm'rs*, 263 F.3d 1151, 1154 (10th Cir. 2001) (holding, in the context of a malicious prosecution claim, that the plaintiff failed to state such a claim because "beyond the conclusory allegation in his complaint that no probable cause existed, [the] plaintiff ha[d] not alleged any specific facts showing there was a lack of probable cause for his arrest").

[30] *Muhammad v. City of Moreno Valley Code Enf't*, No. 5:21-cv-01204-JGB (SP), 2022 WL 837421, at *5 (C.D. Cal. Mar. 21, 2022) (concluding that the plaintiff failed to state a claim for a violation of the Fourth Amendment because he made "vague and conclusory allegations of an 'unreasonable search and seizure' . . . but fail[ed] to allege any facts that establish defendant conducted an unreasonable search or seizure of his property"); *Cannon v. Bowman*, No. ED CV 17-01202 TJH (AFM), 2017 WL 11422185, at *3 (C.D. Cal. Aug. 11, 2017) ("[P]laintiff's entirely conclusory allegation that the theft of money from his safe under unspecified circumstances constituted an unreasonable seizure pursuant to the Fourth Amendment is insufficient to meet his burden of alleging a minimum factual and legal basis for each claim that is sufficient to give each defendant fair notice of what plaintiff's claims are and the grounds upon which they rest."); *Faga v. Faga*, No. 08-CV-11229 (CS), 2010 WL 11712776, at *6 (S.D.N.Y. Mar. 25, 2010) ("Plaintiff has also not sufficiently alleged the seizure of his personal property. All Plaintiff alleges in this regard is that 'his personal items were seized.' At no point in the Amended Complaint are Plaintiff's personal items described or even mentioned again. . . . Simply alleging that 'personal items were seized' is the type of conclusory allegation that *Iqbal* requires the court to disregard. Plaintiff has not provided sufficient factual allegations to render plausible a claim for seizure of personal property in violation of the Fourth Amendment." (citations omitted)); *Daniels v. City of Binghamton*, 947 F. Supp. 590, 596 (N.D.N.Y. 1996) ("[Plaintiff's complaint] simply states that '[d]efendants then trespassed on property and used

**II.     Mr. Pfundstein Fails to State a Claim for Malicious Prosecution.**

Mr. Pfundstein's section 1983 claim for malicious prosecution is alleged against only Officer Griffith and Ms. Daugherty. In the Tenth Circuit, to state a viable section 1983 claim for malicious prosecution, a plaintiff must satisfy the following elements: "(1) the defendant caused the plaintiff's continued confinement or prosecution; (2) the original action terminated in favor of the plaintiff; (3) there was no probable cause to support the original arrest, continued confinement, or prosecution; (4) the defendant acted with malice; and (5) the plaintiff sustained damages."[31] However, those elements are only "the 'starting point'" of the court's analysis because "the ultimate question is whether plaintiff has proven the deprivation of a constitutional right."[32] With respect to the element of malice, it "requires evidence of intent, not mere negligence,"[33] and "requires that criminal proceedings are initiated primarily for a purpose other than bringing an offender to justice, or at a minimum, some wrongful or improper motive."[34]

Mr. Pfundstein fails to satisfy the required element of malice because his amended complaint contains only conclusory allegations concerning any conduct that could conceivably be construed as malicious. Under Rule 8(a)(2) and Rule 12(b)(6), the court is not required to

---

excessive force to force an illegal seizure.' This conclusory allegation fails to state a claim of a Fourth Amendment violation." (alteration in original)).

[31] *Novitsky v. City of Aurora*, 491 F.3d 1244, 1258 (10th Cir. 2007).

[32] *Id*.

[33] *Chavez-Torres v. City of Greeley*, 660 F. App'x 627, 629 (10th Cir. 2016).

[34] *Hooper v. Pearson*, No. 2:08-CV-871, 2010 WL 2990809, at *16 (D. Utah July 26, 2010) (dismissing section 1983 malicious prosecution claim for failure to show malice) (quotations and citation omitted).

accept those conclusory allegations as true.[35] Furthermore, even if the court were to accept them as true, they do not come close to showing that either Officer Griffith or Ms. Daugherty acted with intent, with a wrongful or improper motive, or for any other purpose that bringing a suspected offender to justice. Because Mr. Pfundstein's conclusory allegations fail to establish one of the required elements of his section 1983 claim for malicious prosecution, that claim fails and should be dismissed with prejudice.

### III. Allowing Mr. Pfundstein to Amend His Complaint a Second Time Would Be Futile.

As stated above, after reviewing a pro se plaintiff's complaint under the IFP Statute, the court may dismiss the complaint for failure to state a claim "only where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend."[36] In the court's February 10, 2022 Memorandum Decision and Order—which reviewed the sufficiency of Mr. Pfundstein's original complaint under the authority of the IFP Statute—the court provided Mr. Pfundstein with specific reasons showing why the claims in his original complaint were deficient and an opportunity to amend his complaint. Nevertheless, Mr. Pfundstein's amended complaint asserts claims that were asserted in the original complaint, yet those claims still suffer from several of the same deficiencies. Under those circumstances,

---

[35] *Bellmon*, 935 F.2d at 1110 ("[I]n analyzing the sufficiency of [a pro se] plaintiff's complaint, the court need accept as true only the plaintiff's well-pleaded factual contentions, not his conclusory allegations.").

[36] *Kay*, 500 F.3d at 1217 (quotations and citation omitted).

providing Mr. Pfundstein with a second chance to amend would be futile, and, therefore, this action should be dismissed with prejudice.[37]

## CONCLUSION AND RECOMMENDATION

Based upon the foregoing analysis, IT IS HEREBY RECOMMENDED that this action be DISMISSED WITH PREJUDICE. Copies of this Report and Recommendation are being sent to all parties, who are hereby notified of their right to object.[38] The parties must file any objections to this Report and Recommendation within fourteen days after being served with a copy of it.[39] Failure to object may constitute waiver of objections upon subsequent review.

DATED this 11th day of July 2022.

BY THE COURT:

JARED C. BENNETT
United States Magistrate Judge

---

[37] *Sheldon v. Vermonty*, 269 F.3d 1202, 1207 n.5 (10th Cir. 2001) (explaining that dismissal with prejudice is appropriate where a plaintiff's amended pleadings fail to cure the deficiencies in his claims); *Creamer v. Washburn L. Sch.*, No. 19-CV-2044-CM-TJJ, 2019 WL 2647682, at *3 (D. Kan. Apr. 24, 2019) ("Plaintiff has already filed an Amended Complaint that also fails to state a claim upon which relief may be granted, so it appears it would be futile to allow Plaintiff to amend her complaint again."), *report and recommendation adopted*, No. 19-2044-CM-TJJ, 2019 WL 2646660 (D. Kan. June 27, 2019); *Carey v. Avis Budget Car Rental, LLC*, No. 13-CV-0326-CVE-FHM, 2013 WL 5744754, at *7 (N.D. Okla. Oct. 23, 2013) ("Plaintiff has previously been given leave to amend her complaint. Plaintiff's amended complaint, like her original complaint, fails to state a claim. The Court finds that granting plaintiff leave to amend her complaint a second time would be futile.").

[38] 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2).

[39] 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2).